**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:   (800) 520-5523

**LAW OFFICE OF CLARK OVRUCHESKY**
Clark Ovruchesky, Esq. (301844)
co@colawcalifornia.com
750 B Street, Suite 3300
San Diego, CA 92101
Telephone:   (619) 356-8960
Facsimile:   (619) 330-7610

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

*Attorneys for Plaintiff,*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISSA GLOVER,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN EXPRESS CENTURION BANK; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION LLC,**<br><br><br>Defendants. | **Case No.:** '16CV0996 BEN BLM<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.    **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;**<br><br>II.   **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;**<br><br>III.  **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.; AND,**<br><br>IV.  **CALIFORNIA CIVIL CODE § 1798.92, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.   In addition, the United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.  As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

4. MARISSA GLOVER ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of AMERICAN EXPRESS CENTURION BANK ("American Express" or "Defendants"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax" or "Defendants"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian" or "Defendants"); and, TRANS UNION LLC ("Trans Union" or "Defendants") with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages. Similarly, said action is also based upon Defendants' respective failures to report accurate information to Plaintiff's credit report following notification that the tradelines were inaccurate.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

8.   Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9.   Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

11.  This action arises out of Defendants' violations of (i) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); (ii) Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. ("FCRA"); (iii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq.; and, (iv) California's Identity Theft Act, California Civil Code §§ 1798-92, et seq ("CITA").

12.  Because Defendants conduct business within the State of California, personal jurisdiction is established.

13.  Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

14.  Plaintiff is a natural person who resides in the County of San Diego, State of California, from whom various debt collectors sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.

In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1681a(c).

15. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

16. Defendant American Express is a company operating from the State of Utah.

17. Defendant Equifax is a limited liability company incorporated in the State of Georgia.

18. Defendant Experian is a corporation incorporated in the State of Ohio.

19. Defendant Trans Union is a limited liability company incorporated in the State of Delaware.

20. American Express is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

21. Plaintiff is informed and believes, and thereon alleges, that American Express, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

22. Defendants Equifax; Trans Union; and, Experian (the "Credit Bureaus") are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

23. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

24. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

25. American Express is a "claimant" as that term is defined by California Civil Code § 1798.92(a).

### GENERAL FACTUAL ALLEGATIONS

26. At all times relevant, Plaintiff is an individual residing within the State of California.

27. Beginning in mid-2015, Plaintiff learned for the first time that Defendants were reporting multiple accounts to Plaintiff's credit report that Plaintiff did not incur.

28. Upon conducting an investigation, Plaintiff learned that Plaintiff was the victim of identity theft.

29. Thereafter, Plaintiff attempted to resolve these accounts informally with each of the reporting parties.

30. Notwithstanding these informal attempts, American Express continued American Express' harassing collection efforts through telephone calls; demeaning collection letters; and, horrible credit due to debts that Plaintiff did not incur.

31. Subsequently, Plaintiff disputed American Express' tradeline discussed herein by written communication dated December 16, 2015 which was sent to the Credit Bureaus via certified mail.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

32.  In so doing, Plaintiff provided an abundance of documentation to establish that the tradeline was fraudulent and/or compromised through identity theft, including an identity theft police report filed by Plaintiff, a receipt and confirmation number of an Identity Theft Affidavit submitted to the FTC by Plaintiff, and a copy of Plaintiff's driver's license which contained Plaintiff's signature.

33.  While numerous other furnishers deleted the inaccurate and misleading information, American Express refused to do so despite being provided with the same documentation.

34.  The repeated and continuous violations described herein have caused Plaintiff unnecessary stress and anxiety.  Despite this knowledge, American Express continued to pursue Plaintiff for an invalid debt causing Plaintiff to suffer.

35.  As a result of Defendants' action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

36.  Since these efforts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

### FACTUAL ALLEGATIONS RE: AMERICAN EXPRESS

37.  In or about 2015, an imposter opened an account with American Express on behalf of Plaintiff without Plaintiff's knowledge and/or consent, truncated account number beginning with 3499.

38.  Thereafter, American Express engaged in collection activity against Plaintiff by reporting Plaintiff's alleged debt to the Credit Bureaus as an outstanding obligation and by sending collection letters and placing collection calls to Plaintiff.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

39.  In response to said collection activity, Plaintiff disputed the alleged debt alleged to be owed to American Express on or around December 16, 2015.

40.  Specifically, Plaintiff disputed the American Express tradeline discussed herein by written communication dated December 16, 2015, which was sent to the Credit Bureaus via certified mail, and instructed the Credit Bureaus to block the American Express tradeline pursuant to section 605B of the FCRA because the account was created and/or compromised through identity theft.

41.  Enclosed with the dispute letters sent to the Credit Bureaus was a copy of a police report Plaintiff filed for her identity theft, a receipt and confirmation number of an Identity Theft Affidavit submitted to the FTC, and a copy of Plaintiff's driver's license for verification purposes.

42.  Upon information and belief, the Credit Bureaus timely notified American Express of Plaintiff's dispute.

43.  The Credit Bureaus were required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

44.  American Express was required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).

45.  In January 2016, Plaintiff received notification from the Credit Bureaus that American Express and the Credit Bureaus received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and was providing the results of the reinvestigation.

46.  Despite receipt of this information, American Express continued collection activity with regard to this fraudulent account and has continued to report the alleged debt on Plaintiff's credit report.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

47. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3), yet still allowed the inaccurate and misleading American Express account information to report on Plaintiff's credit reports.

48. The Credit Bureaus were required to block the American Express tradeline within four business days from receipt of Plaintiff's December 16, 2015 identity theft dispute, pursuant to 15 U.S.C. §1681c-2(a).

49. However, not only did the Credit Bureaus fail to block the American Express tradeline within four business days from receipt of Plaintiff's December 16, 2015 identity theft dispute, but they have allowed the American Express account to continue reporting as of the date of the filing of this complaint.

50. Accordingly, the Credit Bureaus failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

51. Accordingly, the Credit Bureaus failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i.

52. Moreover, American Express failed to provide notice of dispute to the Credit Bureaus as required by 15 U.S.C. §1681s-2(a)(3).

53. Accordingly, American Express failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by:

    A. Failing to remove all of the disputed and incorrect information, and
    B. Failing to notate, as required, Plaintiff's dispute.

///
///
///
///
///

54. Upon information and belief, American Express' investigation was unreasonable. More specifically, American Express should have discovered from its records, including Plaintiff's formal dispute, that the information American Express was reporting was inaccurate and patently misleading because it suggested that Plaintiff's account with American Express was legitimate and delinquent, even though the American Express account was created and/or compromised through identity theft.

55. Accordingly, American Express failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

56. American Express failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

57. Due to American Express' failure to reasonably investigate, American Express further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

58. By inaccurately reporting account information after notice and confirmation of its errors, American Express failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

59. Through this conduct, American Express has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that American Express knew or should known was inaccurate.

60. Plaintiff's continued efforts to correct American Express' and the Credit Bureaus' erroneous and negative reporting of the American Express account by communicating Plaintiff's dispute with the Credit Bureaus were fruitless.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

61.  American Express' and the Credit Bureaus' continued inaccurate and negative reporting of the American Express account in light of their knowledge of the actual error was willful.

62.  American Express' and the Credit Bureaus' failure to correct the previously disclosed inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Accordingly, American Express and the Credit Bureaus willfully and negligently failed to comply with its respective duties to reasonably investigate Plaintiff's dispute.

63.  American Express' and the Credit Bureaus' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

64.  Subsequently, Plaintiff attempted to obtain goods and/or services only available to consumers with satisfactory credit reports.  However, said goods and/or services were denied to Plaintiff due in part to the American Express tradeline on Plaintiff's credit reports.

65.  Said tradeline has affected Plaintiff negatively due to the reporting of multiple delinquencies and has negatively impacted Plaintiff's debt to income ratio which has lowered Plaintiff's credit score.  Moreover, American Express has also failed to report to the bureaus that the American Express account at issue was incurred as the result of identity theft.

66.  Through this conduct, American Express violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, American Express violated Cal. Civ. Code § 1788.17.

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

67. Through this conduct, American Express violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, American Express violated Cal. Civ. Code § 1788.17.

68. Through this conduct, American Express violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or should be known to be false in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, American Express violated Cal. Civ. Code § 1788.17.

69. Through this conduct, American Express violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, American Express violated Cal. Civ. Code § 1788.17.

70. Through this conduct, American Express violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, American Express violated Cal. Civ. Code § 1788.17.

71. Through this conduct, American Express violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, American Express violated Cal. Civ. Code § 1788.17.

72. In addition, American Express' continued illegal collection actions and continued reporting on Plaintiff's credit reports after failing to conduct a reasonable investigation into Plaintiff's identity theft claims violate Cal. Civ. Code § 1798.92 et seq.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

CAUSES OF ACTION CLAIMED BY PLAINTIFF

COUNT I

VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

[AGAINST AMERICAN EXPRESS ONLY]

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

75. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant except the Credit Bureaus.

COUNT II
VIOLATION OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. §§ 1681-1681x (FCRA)

[AGAINST ALL DEFENDANTS]

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

78. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

79. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

COUNT III

VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

CAL. CIV. CODE § 1785.1, ET SEQ.

[AGAINST ALL DEFENDANTS]

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

82. In the regular course of its business operations, Defendants routinely furnish information to credit reporting agencies pertaining to transactions between Defendants and Defendants' consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

83. Because Defendants are each a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendants are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Since Defendants received all documents required to determine the fraudulent nature of Plaintiff's alleged debts, Defendants should have known that the accounts at issue did not belong to Plaintiff.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## COUNT IV

## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT

## CAL. CIV. CODE § 1798.92-1798.97

## [AGAINST AMERICAN EXPRESS ONLY]

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

86. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5);

///

COMPLAINT FOR DAMAGES

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- An award of statutory damages of $30,000 pursuant to Cal. Civ. Code § 1798.93(c)(6);

- An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;

- An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,
- Any and all other relief the Court deems just and proper.

### TRIAL BY JURY

87. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 25, 2016                                    Respectfully submitted,

                                                **KAZEROUNI LAW GROUP, APC**

                                        By: ___/s/ Abbas Kazerounian___
                                                ABBAS KAZEROUNIAN, ESQ.
                                                ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626